Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone:  (330) 748-4475
Facsimile:  (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA SOLIS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>AMERICAN AIRLINES, INC., and DOES 1–100, inclusive,<br><br>      Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1. Failure to Provide Rest Breaks and Meal Periods §§ 226.7 and 512<br><br>2. Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226(a)<br><br>3. Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802 and IWC Wage Order 9<br><br>4. Improper Deductions<br><br>5. Failure to Maintain Proper Records<br><br>6. Failure to Pay Minimum and Overtime Wages in Violation of California Labor Code §§ 510 and 1194 and IWC Wage Order 9 |

7. Violation of Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, Section 10.37 et seq.

8. Violation of California Business and Professions Code § 17200 *et seq.*

9. Failure to Produce Employment Records Upon Request in Violation of  California Labor Code § 226(b)

10. Failure to Produce Employment Records Upon Request in Violation of  California Labor Code § 1198.5

11. Fair Labor Standards Act

**DEMAND FOR JURY TRIAL**

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this action.

2.      As alleged more particularly below, venue is proper in the Central District of California. Defendant operated within the State of California and does business in the District.  Defendant employed Plaintiff and similarly situated employees within California.   Pursuant to the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure Plaintiff brings this case individually and as a class action and collective action.

3.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is either a resident of California, has minimum contacts in California, or otherwise intentionally avails itself of the protections of California so as to render California's exercise of jurisdiction over Defendant consistent with traditional notions of fair play and substantial justice.

**PARTIES AND SUBSTANTIVE ALLEGATIONS**

4.      Plaintiff Eva Solis is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the State of California. Defendant American Airlines, Inc., employed Plaintiff as an Airport Agent at LAX and at Ontario International Airport in the State of California from many years prior to the filing hereof until the present.  Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

5.      Defendant American Airlines, Inc. ("AA") is a Corporation which at all times relevant hereto conducted substantial and regular business throughout California.

6.      Plaintiff contends that she and the other Affected Employees (the relevant job titles held by the California citizens in this action are not pertinent as Affected Employees are intended to include Defendant' hourly-paid employees who were subjected to Defendant' policies and practices as described herein) were not provided with all required wages under California law on account of Defendant's failure to

provide adequate rest and meal-break compensation as well as on account of Defendant's failure to pay Affected Employees for all hours worked, requiring that they enter secured areas under the control of the Defendant before beginning the compensated work day, remain under the control of the Defendant after ending the compensated work day, and employing an illegal "rounding" regime in its timekeeping practices. As to such wages, section 512 of the Labor Code provides, in relevant part:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Id. § 512(a). Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in pertinent part, that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes." 8 Cal. Code Regs. 11090 § 11(A). Likewise, Wage Order 9 states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." 8 Cal. Code Regs. 11090 § 12(A). Furthermore, according to section 226.7 of the Labor

Code, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period . . . is not provided."  Cal. Lab. Code § 226.7(b). Under the Labor Code, "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a). Compensation for missed meal and rest periods constitutes wages within the meaning of section 220 *et seq.* of the Labor Code.

7.    Labor Code §§1194(a) states in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

8. Further, pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

9. In addition, pursuant to the IWC Wage Order(s), Defendant are required to pay the for all hours worked (meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so) at the appropriate minimum wage.

10. Defendant, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendant, consistently administered a uniform company policy and practice as to the pay policies regarding the Affected Employees; rounded the actual time worked and recorded by the members of the Affected Employees, usually down, so that during the course of the their employment, the Affected Employees were paid far less than they would have been paid had they been paid for actual recorded time rather than "rounded" time, and less than the

appropriate minimum wage; and Utilized an 'auto-deduct' meal period policy that automatically deducted thirty minutes for a meal break, regardless of whether the Affected Employees were actually provided a meal break, failed to always provide the Affected Employees with a full and uninterrupted thirty-minute meal break, and as such, scheduled to work and/or required the members of the Wage Class to work without paying for all time they were under Defendant's control.

11. As such, in at least two compelling ways, Defendant required the Affected Employees to remain under Defendant's control without paying therefore, which resulted in the Affected Employees earning less than the legal minimum wage in the State of California.

12. Defendant's pattern and practice in uniform administration of corporate policy regarding Defendant's failure to pay the legal minimum wage to the Affected Employees as described herein is unlawful and creates entitlement, pursuant to Labor Code § 1194( a), to recovery by the Affected Employees, in a civil action, for the unpaid balance of the full amount of the unpaid wages owed.

13.     Further, with respect to section 204 of the Labor Code, the Defendant did not always timely pay wages on the "days designated in advance by the employer as the regular paydays."  Instead, it had a policy which paid workers before the services were rendered, then changed the policy, unilaterally, withholding wages from Affected Employees and demanding repayment for same.

14.     The nature of the work at AA is such that there are times when Plaintiff and Affected Employees are not provided timely lunch breaks and do not take them.  On other occasions Plaintiff and Affected Employees are provided timely lunch breaks, but thereafter they are called back to work before the passage of thirty uninterrupted minutes or otherwise interrupted for business purposes during the break. However, for at least the period of time commencing four years prior to the filing of this Complaint to the present, Defendant failed to provide Plaintiff and the other Affected Employees with meal-period

premium wages for those occasions on which they were not provided with adequate meal periods. Defendant failed to provide such wages despite the fact that it kept track of those instances during which its employees either missed a meal period or were not provided an adequate meal period so that it could reverse the automatic meal-period deduction taken by its payroll system each workday. In addition to subjecting Defendant to compensatory and restitutionary damages for Plaintiff, Defendant's failure to provide such compensation subjects it to civil penalties. See Cal. Lab. Code §§ 210, 558, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20. Although AA was previously sued for the same violations and was on notice that its conduct violated the Labor Code, Defendant continues to willfully violate the law by failing to provide meal-period premium wages. Likewise, AA's violation of other labor code sections regarding the amount of overtime paid and other issues were also raised in earlier lawsuits, demonstrating the intentional misconduct here at issue.

15. Likewise, there are times in which Plaintiff was not provided rest periods. Often, Plaintiff and the Affected Employees were not able to take rest periods because of the flight schedules and were not compensated for this time.

Further, Defendant failed to follow IWC Wage Order 9 which requires an employer to keep time records of meal periods unless all operations cease during such periods. See 8 Cal. Code Regs. 11090 § 7(A)(3). The FLSA also required employers to track employee time, a practice which AA did not follow.

16. On information and belief, Plaintiff contends that Defendant failed to provide Affected Employees with the data required by section 226 of the Labor Code and IWC Wage Order 9. In addition to subjecting AA to the damages specified in section 226(e), AA's failure to provide such information subjects it to civil penalties. See Cal. Lab. Code §§ 226.3, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

17.     Section 2802 of the Labor Code states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties." Id. § 2802(a).  Similarly, Wage Order 9 provides that, "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer." 8 Cal. Code Regs. 11090 § 9(A).

18.     On information and belief, Plaintiff contends that Defendant failed to provide reasonable reimbursement to Affected Employees for the maintenance of their uniforms, including the cost of dry cleaning. In addition to subjecting Defendant to damages, the failure of Defendant to provide such reimbursement subjects it to civil penalties. See Cal. Lab. Code § 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

19.     In addition to failing to properly reimburse Plaintiff and Affected Employees for the maintenance of their uniforms, AA also took unlawful deductions from Plaintiff's paycheck, such as deductions for use of company travel, which AA's unlawful deductions subject it to damages and civil penalties. See Cal. Lab. Code § 225.5.  In addition, without written authorization from Plaintiff or the Affected Employees AA would systematically make deductions from wages to recoup routine loans made to Plaintiff and the Affected Employees in the immediately prior paycheck.[1]

20.     In addition to failing to provide meal-period premium wages, failing to provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses, Plaintiff contends that AA failed to provide each of them with adequate seating.  In this regard, IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." 8 Cal. Code Regs. 11090 § 14(A).

21.     According to the applicable Wage Order:

"**14.     SEATS**

---

[1] Exhibit 2, DLSE Opinion Letter 2008.11.25 (Nov. 25, 2008).

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

See Wage Order 9, ¶14. Section 1198 of the Labor Code provides that "the standard conditions of labor fixed by the commission shall be . . . the standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful." Cal. Lab. Code § 1198. Section 1198 of the Labor Code "renders unlawful violations of the suitable seating provision." Bright v. 99 cents Only Stores, 189 Cal. App. 4th 1472, 1479 (2010). Accordingly, AA is liable for civil penalties for its failure to provide adequate seating to Plaintiff and the other Affected Employees.

22.   At all relevant times mentioned herein, section 1174 of the Labor Code provided in pertinent part:

Every person employing labor in this state shall:

. . .

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employee shall not prohibit an

employee from maintaining a personal record of hours worked, or, if paid on

a piece-rate basis, piece-rate units earned.

Cal. Lab. Code § 1174.

23.    Industrial Welfare Commission Order 9 further requires Defendant AA to maintain time records that show when an employee's meal periods were taken. Affected Employees are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked and meal periods they took, and to have access to such records upon request to Defendant AA.

24. Defendant AA knowingly and intentionally failed to provide such Records in writing and refused to allow access to such records as required by section 1174 Labor Code and Industrial Welfare Commission Order 9.

25.    Labor Code § 2810.5 requires an employer to provide employees with notice of, inter alia, the following: 1) each and every rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable; 2) regular payday designated by the employer as required by law; 3) the name of the employer, including any "doing business as" names used by the employer; 4) the physical address of the employer's main office or principal place of business, and a mailing address, if different; 5) the telephone number of the employer; and 6) the name, address, and telephone number of the employer's workers' compensation insurance carrier. Because Defendant AA is a temporary services employer, as defined by Labor Code § 201.3, the notice must also include "the name, the physical address of the main office, the mailing address if different from the physical address of the mail office and the telephone number of the legal entity for whom the employee will perform work, and any other information the Labor Commissioner deems material and necessary." Cal. Lab. Code § 2810.5(a)(3).

26.    When Defendant AA made any changes to Plaintiff's and Affected Employees' rate of pay or pay plan, Defendant AA did not provide proper notice of these

changes as required by Labor Code § 2810.5. AA is therefore liable for civil penalties for violation of Labor Code § 2810.5.

27.   Because Defendant AA requires employees to wear uniforms as a condition of employment, Industrial Welfare Commission Order 9 requires Defendant AA to provide and maintain the uniforms.

28.   Defendant AA knowingly and intentionally failed to provide and maintain uniforms to Plaintiff and Affected Employees as required by the Labor Code and Industrial Welfare Commission Order 9.

29.   At all times relevant hereto, sections 510, 1194, and 1198 of the Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

30.   At all relevant times mentioned herein, section 510 of the Labor Code provided, in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one-and-one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime

compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.  The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510(a).

31.    At all relevant times mentioned herein, section 1194 of the Labor Code provided, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Id. § 1194(a).

32.    At all relevant times mentioned herein, section 1198 of the Labor Code provided, in relevant part:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

33.    Plaintiff worked for Defendant for more than three years prior to the filing of the Complaint.  Plaintiff is informed and believes and based thereon alleges that, as a matter of uniform company policy, Affected Employees who worked in excess of eight

hours a day and/or forty hours a week were not paid proper overtime compensation for all such hours worked, insofar as Defendant failed to use the correct regular rate when computing overtime wages[2] and Defendant routinely failed to pay overtime wages at all on account of services performed.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's labor practices and all other aspects of its operations, as well as the job duties of Affected Employees and manner of compensating them, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout the State of California.  Plaintiff is informed and believes, and based thereon alleges, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Defendant functions and operates in substantially the same fashion at all California airports.  Accordingly, the Affected Employees are similarly situated with regard to the matters alleged herein.

35.    Plaintiff is informed and believes, and based thereon alleges that Defendant uniformly applies policies and procedures to all Affected Employees with respect to compensation for missed meal periods and overtime.

36.    Plaintiff is further informed and believes, and based thereon alleges that Defendant uniformly applies policies and procedures to all Affected Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiff has suffered and continue to suffer damages.

---

[2] For example, see the $1000 "Above and Beyond Award" provided to Plaintiff Schroeder by check dated February 6, 2015, with respect "pay period" of February 6, 2015.

1

## **CLASS-ACTION ALLEGATIONS**

2

37.     Plaintiff brings the first, second, fourth, fifth, sixth, seventh, eighth, ninth,

3

twelfth, and thirteenth claims for relief alleged below pursuant to Rule 23 of the Federal

4

Rules of Civil Procedure.  Rule 23 provides:

5

(a) Prerequisites.  One or more members of a class may sue or be sued

6

as representative parties on behalf of all members only if:  (1) the class is so

7

numerous that joinder of all members is impracticable; (2) there are

8

questions of law or fact common to the class; (3) the claims or defenses of

9

the representative parties are typical of the claims or defenses of the class;

10

and (4) the representative parties will fairly and adequately protect the

11

interests of the class.

12

(b) Types of Class Actions.  A class action may be maintained if Rule

13

23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or

14

fact common to class members predominate over any questions affecting

15

only individual members, and that a class action is superior to other

16

available methods for fairly and efficiently adjudicating the controversy.

17

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiff seeks to

18

represent a Class consisting (hereafter referred to as the "Class") of all Affected

19

Employees during the period beginning no earlier than four years prior to the filing

20

hereof to the mailing of class notice (such persons are referred to hereafter as "Class

21

Members," and such period is referred to hereafter as the "Class Period").

22

38.     Defendant, as to Plaintiff and each Class Member who worked at LAX,

23

failed to pay for all accrued days of leave or at least minimum wage and/or overtime for

24

all hours worked pursuant to Los Angeles Administrative Code and/or sections 510 and

25

1194 of the California Labor Code.

26

27

28

39.    Each Plaintiff and Class Member is entitled to payment of his or her unpaid wage, liquidated damages thereon, unpaid overtime, and interest, as well as provision of accrued days of leave.

40.    Defendant, as to Plaintiff and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles each Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.  For example, insofar as Defendant automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, Defendant is required to show this sum on its itemized wage statements.  The failure to provide Plaintiff and each Class Member with the required data, caused Plaintiff and each Class Members injury by depriving them of information to which they were legally entitled. Despite the requirements of the statute, it is not possible for the employee "from the wages statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Cal. Lab. Code §226(e)(2)(B).

41.    Defendant's failure to pay wages as provided by section 226.7 of the California Labor Code and the applicable Wage Order entitles each Plaintiff and Class Member to payment of such earned but unpaid wages owing on account of failing to provide proper meal and rest periods and an additional hour of pay at the employee's regular rate of compensation for each work day that the proper meal and rest periods were not provided, as well as liquidated statutory damages.

42.    Defendant failed to reimburse Plaintiff and each Class Member for the required maintenance of their uniforms.  Each Plaintiff and each Class Member is

therefore entitled to damages, including interest thereon, and they request such relief as well as civil penalties, all in accord with the requirements of section 2802 of the Labor Code.

43.   Defendant's practice of systematically deducting from wages to recoup routine loans made to Plaintiff and the Class, in the immediately prior paycheck, notwithstanding the requirements of Labor Code §§ 221, 224, entitles Plaintiff to damages including interest thereon, and they request such relief.

44.   Defendant's practice of failing to maintain accurate payroll and time-keeping records has damaged Plaintiff and Class Members, in that they are unable to determine from the wage statements alone the actual wages to which they are legally entitled.

45.   The number of Class Members is great, believed to be in excess of 400 persons, but less than 4,000, so as to make the class unmanageable.  It therefore is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

46.   Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

47.   There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member. These common questions include, but are not limited to, the following:

a.   Whether AA failed to comply with section 221 of the Labor Code by making improper deductions from wages.

b.   Whether AA failed to provide employees with proper meal and rest periods.

c.      Whether AA failed to provide a one-hour wage premium in those instances when employees were not provided with a meal and/or rest period.

d.      Whether AA failed to provide a payments and reimbursments to Affected Employees as required by the Municipal Code of the City of Los Angeles.

e.      Whether AA's failure to properly reimburse uniform expenses to employees violated section 2802 of the Labor Code.

f.      Whether AA failed to maintain accurate time-keeping and payroll records.

g.      Whether AA's failure to provide accurate itemized wage statements to each and every employee violates sections 226.

i.      Whether AA failed to pay overtime in a timely fashion under California Labor Code sections 204.

j.      Whether AA failed to pay minimum wage under California Labor Code section 1194(a).

k.      Whether AA failed to pay proper minimum wages and/or overtime wages under California Labor Code sections 510 and 1194 and Los Angeles Administrative Code.

48.      There is a well-defined community of interest in the questions of law and fact common to the Class Members.

49.      Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by the Los Angeles Administrative Code, California Labor Code and applicable Wage Order.  Plaintiff has no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

50.    A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons.  First, the persons within the Class are numerous and joinder of all of them is impractical.  Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court.  In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of several hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources.  Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

51.    The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendant is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

52.    Plaintiff seeks to represent all Affected Employees during the period during the period beginning no earlier than three years prior to the filing hereof to the mailing of class notice (such persons are referred to hereafter as "Collective Action Members.").

53.    Plaintiff is similarly situated to the Collective-Action Members in that Plaintiff and the Collective-Action Members were employed by Defendant and in that

Defendant did not pay Plaintiff and the Collective-Action Members their overtime and/or minimum wages when due.

54.   This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

55.   All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
Failure to Provide Meal Breaks and Rest Periods and Associated Meal Break and Rest Period Premium Wages
In Violation of California Labor Code §§ 226.7 and 512
(Claim by Plaintiff and the Class against Defendant)

56.   Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.  Defendant employed Plaintiff and Class Members to conduct and transact its operations in the State of California.

57.   On shifts during which Defendant was required to provide meal periods to Plaintiff and Class Members in accordance with California law, the employees were often deprived of the opportunity to take compliant meal periods.  Nevertheless, Plaintiff and Class Members were routinely not paid earned meal period premium wages. In addition, Plaintiff and Class Members routinely had thirty minutes deducted from their wages, as the Defendant failed and refused to keep track of the precise times when meal breaks were provided, for example, by permitting the employees to "punch out" when leaving for a meal break and "punch in" when returning.  The instances of Defendant's violations are recorded in AA's payroll system.  Under the Labor Code and the IWC's Wage Order, Plaintiff and Class Members are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day during which they were deprived of meal periods, as well as an award of civil penalties to the LWDA on account of the above

described practices.  See Cal. Lab. Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

58.     At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11090 provided that employees must be provided rest periods of ten minutes for each four hours of work or major fraction thereof.  Defendant routinely failed to provide sufficient relief worker assistance to enable its employees to always take such rest breaks.

59.     Defendant's pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period and rest-period premiums owing, reimbursement of improperly deducted earned wages, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code.  Plaintiff and Class Members request such a recovery.

60.     Labor Code § 226.7 makes it unlawful for an employer to require any employee to work during any meal period or rest break mandated by an applicable California IWC Wage Order, statute, or regulation.

61.     Because Defendant failed to provide the required rest breaks, it is liable to Plaintiff and other Class Members for one hour of additional pay at the regular rate of compensation for each workday during which the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11090, for the period of time from the three years prior to the filing of the Complaint to date.

62.     During all times relevant, Defendant failed to provide rest breaks or meal periods as mandated by California law to Plaintiff in violation of Labor Code § 226.7.

63.     Defendant failed to pay Plaintiff and Class Members timely meal period and rest period premium wages in conformance with the requirements of law.  For this violation, Plaintiff and Class Members are entitled to seek one hour of premium pay

for each day in which a meal period was not provided and an additional one hour of premium pay for each day in which a rest period was not provided.  In addition, with respect to those days during which Defendant automatically deducted a thirty-minute meal break from an employee, even though no such meal break was provided or fewer than thirty minutes was provided, Plaintiff and the Class Members seek recovery of any and all available remedies to the extent permissible, including recovery of wages, penalties, civil penalties, interest, attorneys' fees, and costs. Further, this Court should enter injunctive relief requiring Defendant to keep track of the beginning and end times for all meal breaks, ending the defense practice of automatically deducting such time from hours worked by its employees.

## SECOND CAUSE OF ACTION
Failure to Provide Adequate Pay Stubs
In Violation of California Labor Code § 226
(Claim by Plaintiff and the Class against Defendant)

64.     Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

65.     The Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).  Labor Code section 226 requires employers to provide access to such records. See Cal. Lab. Code § 226(b).  Plaintiff and Class Members are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked with each paycheck and to have access to such records upon request.

66.     Defendant failed to timely provide Plaintiff and Class Members with wage statements conforming to the requirements of section 226(a) of the California Labor Code. For example, insofar as Defendant automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226.  Also, insofar as California law provides that the

additional one-hour meal-period premium is a wage, Defendant is required to show this sum on its itemized wage statements.  The failure to provide Plaintiff and Class Members with the required data, caused Plaintiff and Class Members  injury by depriving them of information to which they were legally entitled.

67.    Despite the requirements of the statute, it is not possible for Plaintiff and/or Class Members "from the wages statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Cal. Lab. Code §226(e)(2)(B).

68.    Plaintiff and Class Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees, civil penalties and costs of suit.  Further, this Court should enter injunctive relief requiring Defendant to keep track of the beginning and end times for all meal breaks, ending the defense practice of automatically deducting such time from hours worked by its employees, and enabling the Defendant to properly comply with section 226(a) of the Labor Code by, for example, providing an accurate statement of all hours worked, as well as gross and net wages.

### THIRD CAUSE OF ACTION

Failure to Properly Reimburse for Uniform-Maintenance Expenses
In Violation of California Labor Code § 2802
(Claim by Plaintiff and the Class against Defendant)

69.    Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

70.    At all relevant times herein, Labor Code section 2802 provided, in relevant part:

(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the

discharge of his or her duties . . . .

(b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.  Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

71.    The Labor Code requires and IWC Wage Order 9 requires employers to fully reimburse employees for the maintenance of employee uniforms.  See Cal. 8 Cal. Code Regs. 11090 § 9(A).  Despite the fact that certain parts of the standard Defendant uniform carried the label "Dry Clean Only," Plaintiff and Class Members have not been compensated fully for the required maintenance of their uniforms.  Dry cleaning costs have steadily increased over the past two decades, yet Defendant only reimbursed Plaintiff and Class Members in the amount of $2.31 per week.  Plaintiff and Class Members are therefore entitled to damages, including interest thereon, and Plaintiff requests such relief as well as civil penalties, all in accord with the requirements of section 2802 of the Labor Code.  Further, this Court should enter injunctive relief requiring Defendant to properly reimburse Plaintiff and other employees for the reasonable cost of uniform maintenance.

## FOURTH CAUSE OF ACTION
### Unlawful Deductions in Violation of California Labor Code §§ 221, 224
### (Claim by Plaintiff and the Class against Defendant)

72.    Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

73.     At all times relevant to this Complaint, Labor Code § 221 was in full force and effect and binding on Defendant. The section prohibits Defendant from collecting any part of wages paid by the employer to the employee. Labor Code section 224 states:

> The provisions of Sections 221, 222 and 223 shall in no way make it unlawful for an employer to withhold or divert any portion of an employee's wages when the employer is required or empowered so to do by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement.
>
> Nothing in this section or any other provision of law shall be construed as authorizing an employer to withhold or divert any portion of an employee's wages to pay any tax, fee or charge prohibited by Section 50026 of the Government Code, whether or not the employee authorizes such withholding or diversion.

Labor Code § 224.

74.     Notwithstanding the requirements of Labor Code §§ 221, 224, without written authorization from Plaintiff and/or Class Members, Defendant systematically made deductions from wages to recoup routine loans made to Plaintiff and Class Members in the immediately prior paycheck.

75.     Plaintiff is informed and believes, and thereon alleges that the deductions made by Defendant are unlawful and constitute an improper collection of wages previously paid in violation of Labor Code §§ 221, 224.  Plaintiff and Class Members are therefore entitled to the recovery of all improper deductions and civil penalties pursuant

to Labor Code § 225.5.   Further, this Court should enter injunctive relief requiring Defendant to end its illegal practice as outlined above.

### FIFTH CAUSE OF ACTION
Failure to Maintain Accurate Payroll Time Records,
Labor Code section 1174, IWC Wage Order No. 9
(Claim by Plaintiff and the Class Against Defendant)

76.   Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

77.   Defendant has violated California Labor Code section 1174 and IWC Wage Order No. 9 by willfully failing to keep required payroll records showing the start-time and end time of meal periods provided to Plaintiff and Class Members.  Indeed, the IWC Wage Order requires that the employer maintain "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."  8 Cal. Code Regs. § 11090(7)(A)(3). Defendant failed to properly maintain such records.

78.   As a direct and proximate result of Defendant AA'a failure to maintain payroll records, Plaintiff and Class Members suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

79.   Plaintiff also requests injunctive relief as well as the relief described below.

### SIXTH CAUSE OF ACTION
Failure to Pay Overtime and Minimum Wages in Violation of California Labor Code
§§ 510 and 1194, 1197 and IWC Wage Order 9
(Claim by Plaintiff and the Class against Defendant)

80.   Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

81.     Within the four years before the filing of this Complaint, Defendant has employed Plaintiff and others Airport Agents at various locations in California.

82.     Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Labor Code § 1197.

83.     Defendant, by failing to pay Plaintiff and Class Members, at least the minimum wage and/or overtime compensation for all of their hours worked, as required by and in violation of sections 510, 1194 and 1197 of the California Labor Code.

84.     During all relevant time periods after January 1, 2000, Labor Code section 510 applied to Plaintiff and Class Members and provided that any work performed by a non-exempt employee in excess of eight hours a day or in excess of forty hours a week must be compensated at one-and-one-half times the employee's regular rate of pay. Work in excess of twelve hours per day must be compensated at double time. Defendant did not properly compensate Plaintiff and Class Members for all hours worked.  For example, in the pay period ending August 7, 2015, Plaintiff was inexplicably paid for 89 hours of straight time work. Defendant required Plaintiff to work more than eight hours in a day, but did not compensate Plaintiff for all overtime worked.

85.     Defendant also failed to properly calculate the overtime rate of wages owing to Plaintiff and Class Members.

86.     Defendant's improper actions have proximately caused Plaintiff and Class Members damages that they are entitled to recover, including their unpaid overtime compensation and penalties, civil penalties and/or liquidated damages arising therefrom, as well as interest thereon, costs, and attorney's fees.

87.      In failing to compensate Plaintiff and Class Members for minimum wages and overtime, Plaintiff informed and believe and based thereon allege that Defendant acted and continues to act maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and Class Members by reaping economic gain at their expense, in a willful and conscious disregard of their statutory and regulatory right to minimum wage and overtime compensation.

88.      Plaintiff informed and believes and based thereon alleges that Defendant knew or should have known that Plaintiff and Class Members should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for all their time worked and their overtime labor, thereby subjecting Defendant to damages, penalties and civil penalties.

89.      Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful, and Plaintiff entitled to recover in a civil action the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, civil penalties, reasonable attorney's fees, and costs of suit pursuant to the Labor Code.  Plaintiff request such a recovery.

## SEVENTH CAUSE OF ACTION

Violation of Division 10, Chapter 1, Article 11, Section 10.37 *et seq.* of the City of Los Angeles Administrative Code
(Claim by Plaintiff and the LAX Subclass against Defendant)

90.      Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

91.      At all relevant times, Division 10, Chapter 1, Article 11, Section 10.37 *et seq.* of the City of Los Angeles Administrative Code stated that the Defendant "shall pay Employees a wage of no less than the hourly rates set under the authority of this article." A copy of the Chapter 1, Division 10, Article 11, § 10.37 is attached hereto as Exhibit 3. This LWO has increased periodically since its passage. See Exhibit 4, Current and Prior

Living Wage Rates for Airport Employees. Defendant failed to properly compensate Plaintiff and Members of the LAX Subclass under the LWO. By failing to pay Plaintiff and Class Members  in accordance with the Living Wage Ordinance, Defendant violated Division 10, Chapter 1, Article 11, Section 10.37 *et seq.* of the City of Los Angeles Administrative Code.

92.     Defendant's failure to compensate Plaintiff and Members of the LAX Subclass with the minimum compensation required active knowledge, and Defendant's knowledge of its obligation to properly compensate Plaintiff and LAX Subclass Members was "willful."

93.     Plaintiff and LAX Subclass Members are accordingly entitled to the payment of back wages by Defendant in an amount to be determined by proof, and penalties of treble the amount thereof to be paid as damages.

### EIGHTH CAUSE OF ACTION
Violation of California Business and Professions Code § 17200 et seq.
(Claim by Plaintiff and the Class against Defendant)

94.     Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

95.     California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  Plaintiff allege that Defendant has engaged in unfair business practices in California by the above-described violations, including failure to pay meal-period or rest break premium wages to Plaintiff and Class Members, failure to pay overtime wages to Plaintiff and Class Members, automatically deducting thirty minutes from the earned wages of its employees and failing to keep track of the actual time spent on meal breaks, failure to maintain accurate payroll records, failure to provide proper sick leave in violation of section 233 and 234 of the Labor Code, failure to provide adequate paystubs to Plaintiff and Class Members in violation of Labor Code

section 226(a), as well as by the above-described unlawful deductions from their

paychecks under section 221 of the Labor Code. Defendant also failed to properly pay

Plaintiff and Class Members overtime and minimum wages.

96.      In addition, on occasion, Plaintiff and Class Members were not paid the

reporting time wages owing on account of violation of Wage Order 9, Paragraph 5.  For

example, on September 26, 2014, Plaintiff worked for 2.5 hours, but was not paid for the

four hours of wages to which she was entitled, as her then regular shift was at least eight

hours per day.

97.      AA'a actions entitle Plaintiff to seek the remedies available pursuant to

section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts from Defendant, as

necessary and according to proof, to restore any and all amounts—including interest—

withheld, acquired, or converted by Defendant by means of the unfair practices

complained of herein.  Plaintiff, on behalf of themselves, as well as on behalf of the

general public, further seek attorney's fees and costs pursuant to sections 218.5 of the

Labor Code and 1021.5 of the California Code of Civil Procedure.  In addition, Plaintiff

seeks the appointment of a receiver as necessary.

### NINTH CAUSE OF ACTION
Failure to Provide Employment Records Upon Request
California Labor Code §226(b)
(Claim by Plaintiff individually against Defendant)

98.      Plaintiff repeats and realleges all paragraphs in this Complaint as if fully

set forth herein.

99.      Pursuant to Labor Code section 226(b), an employer shall afford current

and former employees the right to inspect or copy the records pertaining to that current or

former employee, upon reasonable request to the employer.

100.      Plaintiff requested that Defendant permit inspection or copying of their

respective employment records pursuant to Labor Code Section 226(b). Defendant has

failed to provide Plaintiff with an opportunity to inspect or copy their respective employment records within 21 days of their requests. <u>See</u> Cal. Lab. Code § 226(c). On September 3, 2015, Plaintiff sent a 226 request to Defendant and to AA'a Registered Agent for Service of Process requesting copies of her employment records.

101.    Pursuant to Labor Code Section 226(f) and (6), Plaintiff entitled, and hereby seeks, to recover from Defendant a seven-hundred-fifty dollar ($750) penalty, civil penalties, reasonable attorneys' fees, and the costs of bringing this claim for relief.

**TENTH CAUSE OF ACTION**
Failure to Provide Employment Records Upon Request
California Labor Code § 1198.5
(Claim by Plaintiff individually and against Defendant)

102.    Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

103.    Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

104.    Plaintiff requested that Defendant permit inspection or copying of their respective employment records pursuant to Labor Code Section 1198.5. Defendant has failed to provide Plaintiff with an opportunity to inspect or copy their respective employment records within 30 days of their requests. <u>See</u> Cal. Lab. Code § 1198.5. On September 3, 2015 Plaintiff sent an 1198.5 request to Defendant and to AA'a Registered Agent for Service of Process requesting copies of her employment records. Pursuant to Labor Code Section 1198.5(k), Plaintiff entitled, and hereby seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty, civil penalties, reasonable attorneys' fees, and the costs of bringing this claim for relief.

**ELEVENTH CAUSE OF ACTION**
(Failure to Pay Overtime and/or Minimum Wage Compensation,
Fair Labor Standards Act
(On behalf of Plaintiff and Collective Action Members Against Defendant)

105.     Plaintiff repeats and realleges all paragraphs in this Complaint as if fully set forth herein.

106.     Again, at all times herein relevant, the FLSA provided:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

107.     Defendant has intentionally and improperly failed to pay Plaintiff and Collective Action Members minimum wage and/or overtime compensation to which they are entitled.

108.     During their employment with Defendant, Plaintiff and Collective Action Members were not paid for all of their time worked, for example when Defendant automatically deducted thirty minutes for faux meal breaks and by not providing overtime wages for all hours worked in excess of forty per week.

109.     Accordingly, Plaintiff, individually, and on behalf of all others similarly situated, request payment of minimum wages and/or overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     That the Court certify both the Class and Collective Actions described in this Complaint.

2.       With respect to the first cause of action, that the Court enter judgment in favor of Plaintiff and Class Members for wages, meal-period and rest-period premium damages, interest thereon, and reasonable attorney's fees and costs, all according to proof, against all Defendant, as well as appropriate injunctive relief.

3.       With respect to the second cause of action, that the Court enter judgment in favor of Plaintiff and Class Members for damages, penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant, as well as injunctive relief.

4.       With respect to the third cause of action that the Court enter judgment in favor of Plaintiff and Class Members for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, against Defendant, as well as injunctive relief.

5.       With respect to the fourth cause of action, that the Court enter judgment in favor of Plaintiff and Class Members for all improper deductions, civil penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant, as well as injunctive relief.

6.       That, with respect to the fifth cause of action for violation of California Labor Code section 1174 and IWC Wage Order No. 9 by willfully failing to keep required payroll records showing the actual hours and/or the begin and end times worked, including meal periods, each day by Plaintiff and Class Members, Plaintiff and Class Members be awarded judgment, damages, interest, and costs, according to proof, as well as injunctive relief.

7.       With respect to the sixth cause of action, that this Court enter judgment in favor of Plaintiff and Class Members for payment of their unpaid minimum wage and overtime compensation, interest thereon, reasonable attorney's fees, and costs of suit, all according to proof, in accordance with sections 1194 and 1194.2 of the Labor Code,

against Defendant, and enter an injunction preventing AA from continuing its unlawful rounding and auto-deduct practices with respect to meal breaks.

8.　　　With respect to the seventh cause of action, that the Court enter judgment in favor of Plaintiff and LAX Subclass Members for the issuance of damages, attorney's fees and costs, all according to proof, against Defendant.

9.　　　With respect to the eighth cause of action, that it be adjudged that AA'a violations of the provisions of the Los Angeles Administrative Code, the Fair Labor Standards Act and the California Labor Code as well as Wage Order 9 constitute violations of section 17200 *et seq.* of the California Business and Professions Code. Accordingly, Plaintiff request that the Court order Defendant to pay restitution to them and Class Members in the form of the compensation and improper earnings retained by Defendant on account of its illegal practices.  Finally, Plaintiff request that the Court award Plaintiff her reasonable attorney's fees and costs incurred in the prosecution of this cause of action, against Defendant.

10.　　　With respect to the ninth cause of action, that the Court enter judgment in favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided by Labor Code section 226(b) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendant.

11.　　　With respect to the tenth cause of action, that the Court enter judgment in favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided by Labor Code section 1198.5(k) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1198.5(l), against Defendant.

12.　　　That, with respect to the eleventh cause of action, Plaintiff and Collective Action Members be awarded their unpaid minimum wage and/or overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendant.

13.     For such further relief as the Court may order, including injunctive relief, reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.


DATED:  November 29, 2019            HARRIS & RUBLE

                                     LAW OFFICES OF JOHN P. DORIGAN

                                     _____*/s/ Alan Harris*_____
                                     Alan Harris/ John P. Dorigan
                                     *Attorneys for Plaintiff*