MICHAEL G. MCGUINNESS (S.B. #133298)
mmcguinness@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

KELLY WOOD (S.B. #267518)
kwood@omm.com
ALLAN W. GUSTIN (S.B. #305784)
agustin@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 760-9600
Facsimile: (949) 823-6994

Attorneys for Defendant
AMERICAN AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EVA SOLIS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN AIRLINES, INC., and DOES 1–100, inclusive,

Defendants.

Case No. 2:19–cv–10181–PSG–AFM

**DEFENDANT AMERICAN AIRLINES, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

*Filed Concurrently: Notice of Motion and Motion; Memorandum of Points and Authorities;[Proposed] Order; Request for Judicial Notice*

Judge: Hon. Philip S. Gutierrez

Hearing Date: July 9, 2021
Time: 1:30 PM
Courtroom: 6A
Complaint Served: January 29, 2020

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, July 9, 2021 at 1:30 p.m., or as soon as the matter may be heard, in Courtroom 6A of this Court, located at First Street Courthouse, 350 West 1st Street, Sixth Floor, Los Angeles, California 90012-4565, Defendant American Airlines, Inc. ("American") will and hereby does move for an order of judgment against Plaintiff on her Fifth, Sixth, and Ninth Claims, on the grounds that: (1) American was not required under Wage Order 9 or California Labor Code § 1174 to record the start and end times of Plaintiff's meal periods; (2) Plaintiff is exempt from the overtime provisions of California Labor Code § 510 and Wage Order 9 after December 1, 2015; and (3) Plaintiff is exempt from the overtime provisions of the federal Fair Labor Standards Act.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(c) and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Kelly Wood in Support of Request for Judicial Notice and the exhibits attached thereto, the argument of counsel, all of the pleadings and other papers on file in this action, and such other matters as may be presented at the hearing on this Motion or prior to the Court's decision. This Motion is made following the required conference of counsel. Pursuant to L.R. 7-3, a conference between Defendant's and Plaintiff's counsel took place on April 23, 2021.

Dated: June 2, 2021.

O'MELVENY & MYERS LLP
MICHAEL G. MCGUINNESS
KELLY WOOD
ALLAN W. GUSTIN

By: *s/ Michael G. McGuinness*
Michael G. McGuinness

Attorneys for Defendant
AMERICAN AIRLINES, INC.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. FACTUAL BACKGROUND ..... 2
III. ARGUMENT ..... 3
A. Legal Standard ..... 3
B. Wage Order 9 Does Not Require Employers To Record The Start And End Times Of Meal Periods. ..... 4
C. Plaintiff Is Not Entitled To Overtime Either Under Section 510 Of The California Labor Code Or Wage Order 9 After December 1, 2015. ..... 5
1. The RLA Exemption Applies To Plaintiff. ..... 5
2. Labor Code Section 515(b) Authorizes The IWC To Retain Wage Order Exemptions Applicable To California's Statutory Overtime Requirements. ..... 6
3. The RLA Exemption Meets The Requirements Of Section 515(b) And, Therefore, Exempts Plaintiff From California's Statutory Overtime Protections. ..... 9
D. Plaintiff Is Exempt From The Overtime Provisions Of The FLSA. ..... 11
IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Angeles v. US Airways, Inc.*, 790 F. App'x 878 (9th Cir. 2020) .......... 2, 10

*Baird v. Becerra*, 2020 WL 5107614 (E.D. Cal. Aug. 31, 2020) .......... 4

*Bingue v. Prunchak*, 512 F.3d 1169 (9th Cir. 2008) .......... 4

*Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012) .......... 6

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012) .......... 4

*Collins v. Overnite Transp. Co.*, 105 Cal. App. 4th 171 (2003) .......... 6, 8

*Fleming v. Pickard*, 581 F.3d 922 (9th Cir. 2009) .......... 4

*Hill v. Opus Corp.*, 841 F. Supp. 2d 1070 (C.D. Cal. 2011) .......... 4

*Kouchi v. American Airlines, Inc.*, 2019 WL 3059409 (C.D. Cal. Apr. 9, 2019) .......... 11

*Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417 (S.D. Cal. July 19, 2010) .......... 4

*Schroeder v. Envoy Air, Inc.*, 2016 WL 11520388 (C.D. Cal. Sept. 27, 2016) .......... 4

*Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094 (N.D. Cal. 2005) .......... 4

*Van v. Language Line Servs., Inc.*, 2016 WL 3143951 (N.D. Cal. June 6, 2016) .......... 5

*Ward v. American Airlines, Inc.*, 9 Cal. 5th 732 (2020) .......... 2, 10

**STATUTES**

29 U.S.C. § 213(b)(3) .......... 2, 11

45 U.S.C. § 151 *et seq.* .......... 2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

45 U.S.C. § 151a ........................................................................................... 10

AB60 (Knox), 1999 Cal ALS 134, 1999 Cal AB 60, 1999 Cal Stats. ch. 134 (Cal. 1999)........................................................................................ 6, 7

Cal. Bus. & Prof. Code § 17200 *et seq*. ......................................................... 3

Cal. Lab. Code § 1174 ..................................................................................... 1, 3

Cal. Lab. Code § 1194 ..................................................................................... 3

Cal. Lab. Code § 1197 ..................................................................................... 3

Cal. Lab. Code § 221 ....................................................................................... 3

Cal. Lab. Code § 224 ....................................................................................... 3

Cal. Lab. Code § 226 ....................................................................................... 3

Cal. Lab. Code § 226.7 .................................................................................... 2

Cal. Lab. Code § 233 ....................................................................................... 3

Cal. Lab. Code § 234 ....................................................................................... 3

Cal. Lab. Code § 510 .................................................................................passim

Cal. Lab. Code § 512 ....................................................................................... 2

Cal. Lab. Code § 514 ....................................................................................... 6

Cal. Lab. Code § 515(b)............................................................................passim

Cal. Labor Code § 2802 ................................................................................... 3

**<u>OTHER AUTHORITIES</u>**

DLSE Mem. re: Understanding AB60: An In Depth Look at the Provisions of the "Eight Hour Day Restoration and Workplace Flexibility Act of 1999" (Dec. 23, 1999)............................................... 7, 8

Industrial Welfare Commission Wage Order 9.......................................passim

Industrial Welfare Commission Wage Order 9-2001 § 1(E) ............................ 10

Industrial Welfare Commission Wage Order 9-2001, § 3(A)(1) ........................ 6

Industrial Welfare Commission Wage Order 9-2001, § 3(H).............................. 6

Industrial Welfare Commission Wage Order 9-76 ............................................ 9

## TABLE OF AUTHORITIES (continued)

Page

Industrial Welfare Commission Wage Order 9-76, § 1(D) ..................................... 10

Industrial Welfare Commission Wage Order 9-76, § 3 ............................................ 9

**RULES**

Fed. R. Civ. P. 12(c) .................................................................................................. 3

**REGULATIONS**

City of Los Angeles Admin. Code, Div. 10, ch. 1, art. 11, § 10.37 et seq. .................................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this putative class and collective action, Plaintiff Eva Solis ("Plaintiff"), a Customer Service Agent at Ontario International Airport ("ONT"), asserts a variety of wage and hour claims against her employer, Defendant American Airlines, Inc. ("American"). Plaintiff's claims are based on alleged violations of the California Labor Code, Industrial Welfare Commission ("IWC") Wage Order 9, and the federal Fair Labor Standards Act ("FLSA"). Solis seeks to represent all non-exempt California employees of American, other than flight attendants and pilots. The operative First Amended Complaint ("FAC") contains deficient legal theories alleging that American failed to record the start and end times of Plaintiff's meal periods and pay overtime wages. Because California law does not require that American record the time that employees leave for and return from their meal periods, and because Plaintiff is exempt from the relevant overtime protections of California law, the Court should enter judgment against Plaintiff on her Fifth and Sixth Claims and related requests for injunctive relief.

First, Plaintiff asserts that American violated Wage Order 9 and California Labor Code § 1174 by failing to record the start and end times of her meal periods. (FAC ¶¶ 16, 21, 22, 53, 59, 64, 73, 89.) Neither Labor Code § 1174 nor Wage Order 9 contains such a requirement. Accordingly, American is entitled to judgment as a matter of law on Plaintiff's Fifth Claim for Failure to Maintain Accurate Payroll Time Records and related requests for injunctive relief "requiring Defendant to keep track of the beginning and end times for all meal breaks" (*see* FAC ¶¶ 59, 64, 75).

Second, Plaintiff asserts that she was not paid overtime for all hours worked during "all relevant time periods after January 1, 2000" in violation of California Labor Code § 510 and Wage Order 9. (FAC ¶ 79; *see also id*. ¶¶ 25, 29, 35, 76-83.) Because her employment was governed by a collective bargaining agreement

("CBA") entered into pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA") beginning on December 1, 2015, Plaintiff is not entitled to overtime either under Wage Order 9 or California Labor Code § 510 at any time after the CBA became effective. *Ward v. American Airlines, Inc.*, 9 Cal. 5th 732, 747-48 (2020); *Angeles v. US Airways, Inc.*, 790 F. App'x 878, 880 (9th Cir. 2020). Accordingly, Plaintiff's claims for overtime compensation pursuant to California law after December 1, 2015 fail as a matter of law, and American is entitled to judgment on Plaintiff's Sixth Claim for Failure to Pay Overtime and Minimum Wages.

Finally, Plaintiff alleges that she and Collective Action Members are entitled to overtime compensation under the federal Fair Labor Standards Act ("FLSA"). But the FLSA's overtime provisions do "not apply with respect to ... any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act." 29 U.S.C. § 213(b)(3). Because Plaintiff and Collective Action Members are employees of an air carrier, American is entitled to judgment on Plaintiff's Ninth Cause of Action for overtime compensation under the FLSA.

## II. FACTUAL BACKGROUND

The following factual assertions are taken from the FAC and are assumed to be true solely for purposes of this motion.

Plaintiff is employed by American as a Customer Service Agent at ONT. (FAC ¶ 4.) The terms and conditions of her employment are governed by a CBA between the CWA-IBT Association and American. (*See* Req. for Judicial Notice ("RJN"), Ex. A, filed concurrently herewith.)

On November 29, 2019, Plaintiff filed her initial complaint asserting 11 causes of action against American for alleged violations of the California Labor Code, Wage Order 9, and the FLSA. (Dkt. No. 1.) On March 19, 2020, Plaintiff filed the operative FAC, asserting claims against American for: (1) failure to provide meal breaks and rest periods and associated meal break and rest period premium wages in violation of California Labor Code §§ 226.7 and 512; (2) failure

to provide adequate pay stubs in violation of California Labor Code § 226; (3) failure to reimburse employees for business-related expenses in violation of California Labor Code § 2802; (4) unlawful deductions from her wages in violation of California Labor Code §§ 221 and 224; (5) failure to maintain accurate payroll records in violation of California Labor Code § 1174 and IWC Wage Order 9; (6) failure to pay overtime and minimum wages in violation of California Labor Code §§ 510, 1194, 1197, and IWC Wage Order 9; (7) violation of the Los Angeles Living Wage Ordinance, Division 10, Chapter 1, Article 11, Section 10.37 *et seq*. of the City of Los Angeles Administrative Code (the "LAX LWO"); (8) violation of California Business and Professions Code § 17200 *et seq*.; (9) failure to pay overtime and/or minimum wage compensation in violation of the FLSA; and (10) failure to provide a compliant sick leave policy in violation of California Labor Code §§ 233 and 234. (Dkt. No. 13.)

In her Fifth Claim, Plaintiff alleges that American "has violated California Labor Code section 1174 and Wage Order No. 9 by willfully failing to keep required payroll records showing the start-time and end time of meal periods provided to Plaintiff." (FAC ¶ 73.) In her Sixth Claim, Plaintiff alleges that during "all relevant time periods after January 1, 2000, Labor Code section 510 applied to Plaintiff" and that American failed to pay her overtime compensation for all hours worked in excess of eight hours in a day, or forty hours in a week, in violation of California Labor Code § 510 and Wage Order 9. (FAC ¶ 79.) Similarly, in her Ninth Claim, Plaintiff alleges that American has violated the overtime provisions of the FLSA.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). It is "common to apply Rule 12(c) to individual

causes of action." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); *see also Bingue v. Prunchak*, 512 F.3d 1169, 1171-72, 1178 (9th Cir. 2008). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal citation omitted). Moreover, "a court may dismiss [a] portion of [a] claim, while allowing the remainder to proceed." *Baird v. Becerra*, 2020 WL 5107614, at *9 (E.D. Cal. Aug. 31, 2020) (dismissing claims "to the extent they rely" on a particular legal theory) (citing *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1082 (C.D. Cal. 2011)).

### B. Wage Order 9 Does Not Require Employers To Record The Start And End Times Of Meal Periods.

Plaintiff asserts that Defendant "has violated the California Labor Code section 1174 and Wage Order No. 9 by willfully failing to keep required payroll records showing the start-time and end time of meal periods." (FAC ¶ 73.) California law, however, does not "require[] employers to record the actual times that employees begin and end each meal period." *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417, at *3 (S.D. Cal. July 19, 2010); *Schroeder v. Envoy Air, Inc.*, 2016 WL 11520388, at *13 (C.D. Cal. Sept. 27, 2016) (granting motion to dismiss and finding that plaintiffs failed to show that "section 1174 and IWC Wage Order 9 require employers to keep payroll records that include the start and end times of meal periods"). "Notably, Wage Order No. 9 expressly requires employers to record 'when the employee begins and ends each work period,' but does not specify that meal periods must also be recorded with that level of specificity. Rather, the regulation requires that '[m]eal periods, split shift intervals

and total daily hours worked shall also be recorded.'" *Lopez*, 2010 WL 2839417, at *3. Because American was not required to record or maintain the start and end times of employee meal periods, there can be no liability for its alleged failure to do so. The Court should therefore enter judgment in favor of American on Plaintiff's Fifth Claim and related requests for injunctive relief "requiring Defendant to keep track of the beginning and end times for all meal breaks" (*see* FAC ¶¶ 59, 64, 75).

**C. Plaintiff Is Not Entitled To Overtime Either Under Section 510 Of The California Labor Code Or Wage Order 9 After December 1, 2015.**

Plaintiff filed her original Complaint on November 29, 2019. (Dkt. No. 1.) The statute of limitations on Plaintiff's overtime claim is four years, *i.e.*, November 29, 2015 to the present. *Van v. Language Line Servs., Inc.*, 2016 WL 3143951, at *9 (N.D. Cal. June 6, 2016). Because Plaintiff became exempt from California's overtime protections on December 1, 2015, Plaintiff may only pursue damages in connection with her overtime claim under California law for a two-day period. Plaintiff's damages beyond those two days fail as a matter of law.

**1. The RLA Exemption Applies To Plaintiff.**

In her Sixth Claim, Plaintiff alleges during "all relevant time periods after January 1, 2000, Labor Code section 510 applied to Plaintiff," and that she was not compensated for all overtime hours worked in violation of California Labor Code § 510 and Wage Order 9. (FAC ¶ 76-83.) Wage Order 9, however, exempts from overtime "those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act, 45 U.S.C. Sections 151 et seq." Here, the union representing Plaintiff entered into a CBA with American under and in accordance with the provisions of the RLA, which became effective on December 1, 2015. (Decl. of Kelly Wood in Supp. of Req. for Judicial Notice in Supp. of Mot. for J. on the Pleadings ("Wood RJN Decl."), Ex. A.) As explained below, Wage Order 9 exempts covered employees not only from the overtime requirements of the Wage Order, but also from the

overtime requirements of Labor Code § 510.

**2. Labor Code Section 515(b) Authorizes The IWC To Retain Wage Order Exemptions Applicable To California's Statutory Overtime Requirements.**

In California, employment relationships are governed by overlapping sources of authority: first, the California Labor Code enacted by the California Legislature and, second, a series of wage orders adopted by the IWC. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1026-27 (2012); *see Collins v. Overnite Transp. Co.*, 105 Cal. App. 4th 171, 174 (2003) ("In the exercise of [its] quasi-legislative endeavor, the IWC has promulgated 15 wage orders" regulating the wages, hours, and working conditions of employees in California.).[1] Historically, the IWC wage orders required that overtime be paid for hours worked over eight in a day and forty in a week, but also provided a series of exemptions to these overtime requirements. Before 2000, the Labor Code did not contain specific overtime requirements—overtime was regulated solely by the wage orders.[2] This framework was altered in 1998, when the IWC amended the wage orders to eliminate the requirement that overtime be paid for hours worked in excess of eight hours per day. *See Collins*, 105 Cal. App. 4th at 176. In response to these 1998 wage order revisions, however, the California Assembly drafted the Eight-Hour-Day Restoration and Workplace Flexibility Act of 1999 ("AB60") which amended the Labor Code to reinstate daily overtime as a statutory requirement. *See* AB60 (Knox), 1999 Cal ALS 134, 1999 Cal AB 60, 1999 Cal Stats. ch. 134 (Cal. 1999) (hereinafter "AB60"). In addition,

---

[1] For example, some requirements and exemptions are common to both the Labor Code and the wage orders. *Compare* Cal. Lab. Code § 510 *with* Wage Order 9-2001, § 3(A)(1); Cal. Lab. Code § 514 *with* Wage Order 9-2001, § 3(H). Other exemptions are found only in the wage orders, and may control over Labor Code requirements pursuant to Labor Code § 515(b). *See Collins*, 105 Cal. App. 4th at 181 (concluding that the motor carrier exemption, found in numerous wage orders but not the Labor Code, exempted motor carriers from the overtime requirements of both Wage Order 9 and the Labor Code).

[2] During this time, Labor Code § 510 provided only that "[e]ight hours of labor constitutes a day's work, unless it is otherwise expressly stipulated by the parties to a contract ...."

AB60 nullified the 1998 versions of the IWC wage orders, including Wage Order 9-98, and reinstated those versions that were in effect in 1997, including Wage Order 9-90. *Id.* § 21. As the California Division of Labor Standards Enforcement ("DLSE") has explained, "[i]t is very important to understand ... [that] AB60 as a whole applies to all California workers except for those who are expressly exempted by the bill itself, **or those who were expressly exempted from a pre-1998 wage order**." DLSE Mem. re: Understanding AB60: An In Depth Look at the Provisions of the "Eight Hour Day Restoration and Workplace Flexibility Act of 1999" (Dec. 23, 1999) (emphasis added), *available at* http://www.dir.ca.gov/dlse/AB60update.htm.

Though AB60 reinstated the daily overtime requirement, it ***retained the valid 1997 exemptions***. Specifically, AB60 added section 515(b) to the California Labor Code, preserving the IWC's authority to "**retain** ... exemptions from the hours requirements that were contained in a valid wage order in effect in 1997." *See* AB60 at Digest (emphasis added). Section 515(b) now states:

> Except as otherwise provided in this section and in subdivision (g) of Section 511, nothing in this section requires the commission to alter an exemption from provisions regulating hours of work that was contained in a valid wage order in effect in 1997. Except as otherwise provided in this division, the commission may review, retain, or eliminate an exemption from provisions regulating hours of work that was contained in a valid wage order in effect in 1997.[3]

[3] As originally adopted, Section 515(b) (eff. 2000 through 2012) stated:

> (1) The commission may establish additional exemptions to hours of work requirements under this division where it finds that hours or conditions may be prejudicial to the health or welfare of employees in any occupation, trade, or industry. This paragraph shall become inoperative on January 1, 2005.
>
> (2) Except as otherwise provided in this section and in subdivision (g) of Section 511, nothing in this section requires the commission to alter any exemption from provisions regulating hours of work that was contained in any valid wage order in effect in 1997. Except as otherwise provided in this division, the commission may review, retain, or eliminate an exemption from provisions regulating hours of work that was contained in a valid wage order in effect in 1997.

*Collins v. Overnight Transportation Company*, which dealt with the "motor carrier exemption" of Wage Order 9, is the lead case interpreting Labor Code § 515(b) and explains in detail that certain exemptions in the wage orders control over the Labor Code's general overtime requirements. In *Collins*, plaintiff truck drivers brought a class action against their employer seeking compensation for allegedly unpaid overtime premised on violations of Labor Code § 510. 105 Cal. App. 4th at 173. The *Collins* court held that Wage Order 9's motor carrier exemption applied to the Labor Code's overtime requirements even though the Labor Code itself did not provide a similar exemption. *Id*. at 180-81. The trial court granted the employer's demurrer pursuant to Wage Order 9's motor carrier exemption. *Id*. at 173. On appeal, plaintiffs argued that Labor Code § 510 impliedly repealed Wage Order 9. *Id*. at 177. However, in affirming the trial court, the court of appeal reasoned that the plaintiffs' interpretation would be "an absurd result." *Id*. at 180. The court of appeal explained that there was no evidence that the Labor Code's statutory requirements were intended to eliminate the wage orders' historical exemptions. The court found that "[s]uch an interpretation would create separate and conflicting spheres of regulation by the IWC and the Legislature." *Id*. at 180 n.4 This finding was compelled by the historical context of Labor Code § 515(b).

The court in *Collins* recognized that the enactment of Section 515(b) preserved the authority of the IWC to retain exemptions to all of California's overtime requirements. 105 Cal. App. 4th at 180 ("[AB60] codifie[d] certain provisions in wage orders," such as Labor Code § 514, "and alter[d] other provisions but [did] not expressly address other broad areas of IWC regulations."). Accordingly, *Collins* held that AB60 left intact exemptions from overtime provisions that were in effect in 1997.

The reasoning in *Collins* is consistent with the view expressed by the DLSE, which found that under section 515(b) employees who were exempt in pre-1998

wage orders would remain exempt from the overtime requirements provided that the IWC retained the exemptions. *See* DLSE Mem., *supra*, (stating that AB60 covered "workers who were not expressly exempted from pre-1998 wage orders," not employees exempted by the wage orders that also met the requirements of Section 515(b)). Accordingly, to the extent a Wage Order exemption meets the requirements of Section 515(b), it shall continue to exempt employers from California's statutory overtime requirements.

Plaintiff does not contest that her alleged overtime damages before November 29, 2015 are barred by the applicable four-year statute of limitations. (*See generally* Pl.'s Opp. to Mot. to Strike.) She has further conceded that she is exempt from overtime under Wage Order 9 after December 1, 2015 in light of the collective bargaining agreement that covers her employment. (*Id.* at 14:1–2 ("Plaintiff and other agents here are exempt from Sec. 3 [regulating overtime] under Sec. 1(E) of Wage Order 9.").) The remaining dispute is therefore whether the RLA exemption in Section 1(E) of Wage Order 9 also exempts Plaintiff from the overtime provisions in Labor Code section 510 as a matter of law, and, as explained in the following section, it does.

#### 3. The RLA Exemption Meets The Requirements Of Section 515(b) And, Therefore, Exempts Plaintiff From California's Statutory Overtime Protections.

Wage Order 9's RLA Exemption has been in continuous effect since before 1997 and, therefore, meets the requirements of Section 515(b). The IWC first promulgated Wage Order 9 in 1976. (*See* Wood RJN Decl., Ex. B, Wage Order 9-76.) Wage Order 9-76 stated that employees would be provided overtime for hours worked over eight hours in a day and forty hours in a week. (*Id.*, Wage Order 9-76, § 3.) Along with Wage Order 9-76's overtime requirement, the IWC carved out exemptions to that requirement, including the RLA Exemption. As originally drafted in Wage Order 9-76, the RLA Exemption stated:

> Except as provided in Sections 4, 10, 11, 12, and 20 through 23, this Order shall not be deemed to cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act, 42 U.S.C. sections 151 et seq.

(*Id.*, Wage Order 9-76, § 1(D).)

The IWC's exemption advanced the stated purposes of the RLA itself, to promote the independence of the airline industry and forbid limitations placed on the collective bargaining process. *See* 45 U.S.C. § 151a; *see also* Wood RJN Decl., Ex. C, IWC Statement of Findings (1976) at 6 (stating that the RLA exemption was promulgated because the IWC "found that it would be difficult to enforce standards for employees crossing state lines and that the exempted employees were better protected by their [CBAs] pursuant to the [RLA]"). Nothing has changed to alter this original basis for the exemption, and the IWC's subsequent revisions of Wage Order 9 in 1980, 1990, 1998, 2000, and 2001 have left the RLA Exemption substantively untouched. (*See* current Wage Order 9-2001 § 1(E); Wood RJN Decl., Ex. D, Wage Order 9-80, § 1(D); Wood RJN Decl., Ex. E, Wage Order 9-90, § 1(D); Wood RJN Decl., Ex. F, Wage Order 9-98, § 1(D); Wood RJN Decl., Ex. G, Wage Order 9-2000, § 1(D).)

Accordingly, the RLA Exemption meets the requirements of Section 515(b): it was contained in a valid wage order in effect in 1997; and it was retained by the IWC in all subsequent revisions of Wage Order 9. Indeed, the Ninth Circuit recently confirmed that, when workers are covered by a CBA entered into pursuant to the RLA, "the RLA exemption excuses [the airline employer] from both Wage Order 9's overtime requirements and Section 510's overtime requirements." *Angeles*, 790 F. App'x at 880. The California Supreme Court also clarified this point in *Ward v. American Airlines, Inc.*, 9 Cal. 5th 732 (2020). While holding that the RLA exemption did not bar a Labor Code Section 226 claim, the Court specifically cited Section 510 as an example of a Labor Code provision to which long-standing IWC exemptions should be applied, given the "meaningful[]"

statutory and regulatory context. *Id.* at 747–48. Accordingly, and even assuming all facts alleged by Plaintiff are true, Plaintiff's claim for overtime compensation under California Labor Code § 510 and Wage Order 9 after December 1, 2015 is legally insufficient.

**D. Plaintiff Is Exempt From The Overtime Provisions Of The FLSA.**

In her Ninth Cause of Action under the FLSA, Plaintiff asserts that American has "failed to pay Plaintiff and Collective Action Members minimum wage and/or overtime compensation to which they are entitled." (FAC ¶ 93.) But "the FLSA overtime provisions do not apply to Plaintiff because [s]he work[s] for an air carrier." *Kouchi v. American Airlines, Inc.*, 2019 WL 3059409, at *2 (C.D. Cal. Apr. 9, 2019) (citing 29 U.S.C. § 213(b)(3) (providing that the FLSA overtime provisions "shall not apply with respect to ... any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act")). Plaintiff alleges that she is an employee of American, and the same is true for the putative collective action members. (FAC ¶¶ 4-6.) Because America is "a carrier by air subject to the provisions of Title II of the Railway Labor Act," American is entitled to judgment as to Plaintiff's claim for overtime compensation under the FLSA. (*See* RJN, Ex. A, at 2.)

## IV. CONCLUSION

For the reasons discussed above, the Court should grant judgment as a matter of law against Plaintiff on her Fifth Claim for Failure to Maintain Accurate Payroll Time Records; Sixth Claim for Failure to Pay Overtime and Minimum Wages under California Labor Code §§ 510, 1194, and 1197 and Wage Order 9, to the extent Plaintiff seeks to recover damages after December 1, 2015; and Ninth Cause of Action for overtime compensation pursuant to the FLSA.

Dated: June 2, 2021.

O'MELVENY & MYERS LLP
MICHAEL G. MCGUINNESS
KELLY WOOD
ALLAN W. GUSTIN

By: *_/s/ Michael G. McGuinness_*
Michael G. McGuinness

Attorneys for Defendant
AMERICAN AIRLINES, INC.