MICHAEL G. MCGUINNESS (S.B. #133298)
mmcguinness@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

KELLY S. WOOD (S.B. #267518)
kwood@omm.com
ALLAN W. GUSTIN (S.B. #305784)
agustin@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 760-9600
Facsimile: (949) 823-6994

Attorneys for Defendant
AMERICAN AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA SOLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. 2:19–cv–10181–PSG–AFM<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge: Hon. Philip S. Gutierrez<br><br>Hearing Date: July 30, 2021<br>Time: 1:30 PM<br>Courtroom: 6A<br>Complaint Served: January 29, 2020 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................... 5

II. ARGUMENT ............................................................................................. 6

    A. American's Motion Is Procedurally Proper. ................................... 6

    B. California Law Does Not Require Employers To Record The Start And End Times Of Meal Periods. ............................................... 10

    C. Solis Is Not Entitled To Overtime Under Section 510 Of The California Labor Code Or Wage Order 9 After December 1, 2015. ........................................................................................................ 12

        1. Solis's Interpretation Of Labor Code Section 515(b) Fails. ...... 12

        2. Solis's Mischaracterization Of Ward Must Be Disregarded. ............................................................................. 13

    D. Solis Concedes That She Is Exempt From The Overtime Provisions Of The FLSA. ................................................................. 16

III. CONCLUSION ........................................................................................ 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Traffic Sols., Inc. v. Redflex Traffic Sys., Inc.*,
   No. CV-08-2051-PHX, 2009 WL 2714017 (D. Ariz. Aug. 27, 2009) .................. 6

*Angeles v. US Airways, Inc.*,
   790 Fed. Appx. 878 (9th Cir. 2020) ........................................................ 5, 15, 16

*Baird v. Becerra*,
   No. 2:19-cv-00617-KJM-AC, 2020 WL 5107614 (E.D. Cal. Aug. 31,
   2020) ............................................................................................................... 9

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) .......................................................................................... 7

*Collins v. Overnite Transp. Co.*,
   105 Cal. App. 4th 171 (2003), as modified (Feb. 3, 2003) ............................ 13

*Cosentino v. Kurtz*,
   No. CV 11-03206 GAF (SSx), 2012 WL 12883842 (C.D. Cal., Dec. 11,
   2012) ............................................................................................................... 6

*Donohue v. AMN Serv., LLC*,
   11 Cal. 5th 58 (2021) ........................................................................... 5, 10, 11

*Dreamstime.com, LLC v. Google, LLC*,
   No. C 18-01910 WHA, 2019 WL 2372280 (N.D. Cal., June 5, 2019) ........... 8

*Farrow v. King & Prince Seafood Corp.*,
   No. 2:17-CV-150, 2018 WL 6206122 (S.D. Ga., Nov. 28, 2018) .................. 9

*FEC v. Adams*,
   558 F. Supp. 2d 982 (C.D. Cal. 2008) ............................................................ 6

*Hill v. Opus Corp.*,
   841 F. Supp. 2d 1070 (C.D. Cal. 2011) .......................................................... 9

*Holloway v. Best Buy Co.*,
   No. C-05-5056-PJH, 2009 WL 1533668 (N.D. Cal. May 28, 2009) ...... 7, 8, 9

*In re Outlaw Lab'y, LLP*,
   No. 3:18-CV-0840-GPC, 2020 WL 3840559 (S.D. Cal., July 8, 2020) .... 6, 17

*Kouchi v. American Airlines, Inc.*,
   No. CV 18-7802 PSG (AGRx), 2019 WL 3059409 (C.D. Cal. Apr. 9,
   2019) ............................................................................................................. 16

*Lopez v. GAT Airline Ground Support, Inc.*,
   No. 09-CV-2268-IEG (BGS), 2010 WL 2839417 (S.D. Cal. July 19,
   2010) ............................................................................................................. 10

*Nahas v. City of Mountain View*,
   2005 WL 1683617 (N.D. Cal., July 19, 2005) ............................................... 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Palzer v. Cox Oklahoma Telcom, LLC*,
  No. 15-CV-00564-GKF-JFJ, 2018 WL 3240961 (N.D. Okla., July 3, 2018) ...................................................................................................... 8

*Pantastico v. Dep't of Educ.*,
  406 F. Supp. 3d 865 (D. Haw. 2019) .................................................................. 6

*Schroeder v. Envoy Air, Inc.*,
  No. CV 16-04911-MWF-KS, 2016 WL 11520388 (C.D. Cal. Sept. 27, 2016) .................................................................................................... 10

*Ward v. United Airlines, Inc.*,
  9 Cal. 5th 732 (2020) ............................................................................. 5, 14, 15

*Wright v. Wells Fargo Bank, NA*,
  No. 11-00212 SOM-RLP, 2012 WL 2973202 (D. Hawaii, July 19, 2012) ...................................................................................................... 9

**Statutes**

29 U.S.C. § 213(b)(3) ............................................................................................ 6, 16

Cal. IWC Wage Order 9-2001 § 7(A)(3) ................................................................. 11

Cal. Lab. Code § 226 ............................................................................................... 11

Cal. Lab. Code § 226(e)(2)(B) ................................................................................. 11

Cal. Lab. Code § 510 ............................................................................................... 14

Cal. Lab. Code § 515(b) .............................................................................. 12, 13, 15

Railway Labor Act, 45 U.S.C. § 151 *et seq.* ............................................................. 5

**Other Authorities**

5C Wright & Miller, *Federal Practice and Procedure* Civil 3d § 1367 (2004) ...................................................................................................... 8

# REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## I. INTRODUCTION

Plaintiff Eva Solis's ("Solis") operative First Amended Complaint ("FAC") contains deficient legal theories alleging that American Airlines, Inc. ("American") failed to record the start and end times of her meal periods and failed to pay overtime wages pursuant to California and federal law. Solis's opposition does nothing to salvage her claims and American's motion should be granted.

First, the Court should summarily reject Solis's argument that American's motion is procedurally improper. Solis has combined numerous claims and legal theories into her causes of action. In circumstances identical to these, courts in this Circuit routinely grant judgment on the pleadings as to "part" of a cause of action. Solis may not merge numerous claims and theories into her causes of action in order to avoid dismissal of those that are legally deficient.

Second, American is not required to record the start and end times of employee meal periods. As detailed below, Solis's reliance on *Donohue v. AMN Serv., LLC*, 11 Cal. 5th 58 (2021) is entirely misplaced. Despite extensively analyzing employer meal period recording requirements, the California Supreme Court did not hold that an employer must record the start and end times of meal periods—and it had ample opportunity to do so. No case or statute imposes the requirements posited by Solis, and her argument to the contrary necessarily fails.

Third, Solis is not entitled to overtime compensation under California law beginning on December 1, 2015, when her employment became governed by a collective bargaining agreement ("CBA") entered into pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"). Solis badly mischaracterizes the California Supreme Court decision in *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732 (2020), which, along with the Ninth Circuit decision in *Angeles v. US Airways, Inc.*, 790 Fed. Appx. 878, 880 (9th Cir. 2020), unequivocally supports American's

argument.  Solis cites no governing authority for her faulty argument regarding overtime and it should be rejected.

Finally, Solis concedes that she is not entitled to overtime compensation under the federal Fair Labor Standards Act ("FLSA"), but argues that her claim should survive American's motion because she combined it with a minimum wage claim under the FLSA.  This Court should reject Solis's attempt to plead around dismissal.  The FLSA's overtime provisions do "not apply with respect to . . . any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act."  29 U.S.C. § 213(b)(3).  Because Solis is an employee of an air carrier, American is entitled to judgment on Solis's claim for overtime compensation under the FLSA, regardless of whether she combined it with another claim.

## II.    ARGUMENT

### A.    American's Motion Is Procedurally Proper.

"Judgment on the pleadings may be granted as to fewer than all of the claims, **or as to part of a claim**."  *Cosentino v. Kurtz*, No. CV 11-03206 GAF (SSx), 2012 WL 12883842, at *7 (C.D. Cal., Dec. 11, 2012) (quoting *FEC v. Adams*, 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008)).  In drafting the FAC, Solis combined separate legal claims and distinct legal theories into her individual causes of action, and now argues that American may not move for judgment on the pleadings as to "part" of her claims.  (Opp. at 2-3.)  Solis is wrong; she may not combine her claims to avoid dismissal at the pleading stage.  Indeed, "[c]ourts of the Ninth Circuit . . . regularly permit judgment on the pleading in such circumstances."  *In re Outlaw Lab'y, LLP*, No. 3:18-CV-0840-GPC, 2020 WL 3840559, at *4 (S.D. Cal., July 8, 2020) (citing *Pantastico v. Dep't of Educ.*, 406 F. Supp. 3d 865, 880 (D. Haw. 2019) (granting motion for judgment on the pleadings with respect to plaintiff's § 1983 claim as to a Due Process theory, but denying the motion under an Equal Protection theory); *Am. Traffic Sols., Inc. v. Redflex Traffic Sys., Inc.*, No. CV-08-2051-PHX, 2009 WL 2714017, at *2 (D. Ariz. Aug. 27, 2009) (plaintiff's complaint contains

"several claims for false advertising based on separate statements by defendants" and "[a]ccordingly, we will consider defendants' motion for judgment on the pleadings as to certain of these representations."); *Holloway v. Best Buy Co.*, No. C-05-5056-PJH, 2009 WL 1533668, at *4 (N.D. Cal. May 28, 2009)).

*Holloway v. Best Buy Co., Inc.*, is instructive. 2009 WL 1533668, at *2. In *Holloway*, plaintiffs filed a complaint asserting five claims, including race discrimination in violation of Title VII, gender discrimination in violation of Title VII, race discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), gender discrimination in violation of the FEHA, and violations of 42 U.S.C. § 1981. *Id.* at *1. Best Buy filed a motion for "partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c)," seeking judgment on plaintiffs' claims to the extent they were based on "discriminatory job assignments upon hiring." *Id.* at *2.

Like Solis does here, the plaintiffs in *Holloway* argued that "Best Buy's motion [wa]s improper because, even if granted, it would not dispose entirely of any cause of action pled by plaintiffs." *Id.* at *3. The district court started its analysis by noting that the "United States Supreme Court, while not ruling on the issue, did give tacit approval to a motion for partial judgment on the pleadings in a § 1983 case when it did not take issue with a partial judgment on the pleadings motion granted by a lower court." *Id.* at *4 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 98–99 (1983)). The district court further explained that, "[i]n this judicial district, district judges routinely issue orders granting in part and denying in part motions for judgment on the pleadings." *Id.* (citing e.g., *Nahas v. City of Mountain View*, 2005 WL 1683617 (N.D. Cal., July 19, 2005); *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396 (N.D. Cal. 1997)). The court continued:

> A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the

substance of the pleadings and any judicially-noticed facts. *Id.* (citing 5C Wright & Miller, *Federal Practice and Procedure* Civil 3d § 1367 at 206–07 & nn. 4–5 (2004) (citing cases)). Based on the purpose of motions for judgment on the pleadings, and "given that each cause of action in the [complaint] alleges what could be construed as several separate claims, the court [found] no reason not to consider Best Buy's motion for judgment on the pleadings as to less than entire causes of action." *Id.*; *see also Dreamstime.com, LLC v. Google, LLC*, No. C 18-01910 WHA, 2019 WL 2372280, at *4 (N.D. Cal., June 5, 2019) (granting partial motion for judgment on the pleadings "given that the claims under the Google Play Agreement can be construed as separate claims from those under the AdWords Agreement"); *Palzer v. Cox Oklahoma Telcom, LLC*, No. 15-CV-00564-GKF-JFJ, 2018 WL 3240961, at *2 (N.D. Okla., July 3, 2018) (Plaintiff's "first, second, and third counts could easily be construed as several separate claims. Thus, the court sees no reason not to consider Cox's motion for partial judgment on the pleadings.")).

Here, American seeks judgment on the pleadings as to distinct causes of action and distinct theories of liability in the FAC, just like the defendant in *Holloway*. Specifically, American has moved for judgment on Solis's entire Fifth Cause of Action for Failure to Maintain Proper Records, which is based exclusively on American's alleged failure to record the start and end times of meal periods (Mot. at 4-5; FAC ¶¶ 72-75 ("Defendant has violated California Labor Code section 1174 and IWC Wage Order No. 9 by willfully failing to keep required payroll records showing the start-time and end time of meal periods provided to Plaintiff and Class Members.")). American has similarly moved for judgment on the pleadings as to Solis's FLSA claim for overtime, which is combined in her Ninth Cause of Action for "Failure to Pay *Overtime and/or Minimum Wage* Compensation." (Mot. at 11; FAC ¶¶ 91-95.).

American has also moved for judgment on Solis's Labor Code section 510

claim for overtime compensation, as to the time during which Solis's employment was covered by a CBA. (Mot. at 5-11.) Given the limited time Solis may pursue her section 510 claim if American's motion is granted (i.e., two-days), the extensive statutory period otherwise at issue for her claim (i.e., six-years and counting), the size of the putative class (i.e., more than 4,000 employees), and the associated burden of discovery in this matter, it will serve the interests of the parties, promote efficiency, and further the purpose of motions for judgment on the pleadings if this Court rules upon this discrete legal issue at this juncture. *Holloway*, 2009 WL 1533668, at *4.

On the other hand, if this Court declines to rule upon the substance of American's argument as to Solis's section 510 claim, discovery could encompass nearly six-years of documents and testimony for more than 4,000 employees related to an overtime claim that is barred as a matter of law for the vast majority of the putative class, and for the overwhelming majority of the relevant time period. In similar circumstances, courts both within and outside of this Circuit have dismissed "part of" a cause of action. *Baird v. Becerra*, No. 2:19-cv-00617-KJM-AC, 2020 WL 5107614, at *9 (E.D. Cal. Aug. 31, 2020) (a "court may dismiss [a] portion of [a] claim, while allowing [the] remainder to proceed."); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1082 (C.D. Cal. 2011) (dismissing claims "to the extent" they rely on a particular legal theory); *Wright v. Wells Fargo Bank, NA*, No. 11-00212 SOM-RLP, 2012 WL 2973202, at *9 (D. Hawaii, July 19, 2012) (granting judgment on the pleadings "on the portion of Count I based on the assignment"); *Farrow v. King & Prince Seafood Corp.*, No. 2:17-CV-150, 2018 WL 6206122, at *6 (S.D. Ga., Nov. 28, 2018) (granting partial motion for judgment on the pleadings as to a particular time period). Given the scope of the putative class and the potential burden of discovery, American requests that this Court do the same.

### B. California Law Does Not Require Employers To Record The Start And End Times Of Meal Periods.

As the sole basis for her Fifth Cause of Action for Failure to Maintain Proper Records, Solis asserts that American "violated the California Labor Code section 1174 and Wage Order No. 9 by willfully failing to keep required payroll records showing the start-time and end time of meal periods." (FAC ¶ 73.) As set forth in American's motion, California law does not "require[] employers to record the actual times that employees begin and end each meal period." *Lopez v. G.A.T. Airline Ground Support, Inc.*, No. 09-CV-2268-IEG (BGS), 2010 WL 2839417, at *3 (S.D. Cal. July 19, 2010); *Schroeder v. Envoy Air, Inc.*, No. CV 16-04911-MWF-KS, 2016 WL 11520388, at *13 (C.D. Cal. Sept. 27, 2016) (granting motion to dismiss and finding that plaintiffs failed to show that "section 1174 and IWC Wage Order 9 require employers to keep payroll records that include the start and end times of meal periods").

Solis attempts to minimize the holdings in *Lopez* and *Schroeder*, which are directly on point, by arguing that they "were decided prior to the recent California Supreme Court opinion in *Donohue* . . . , in which the court considered whether time records showing noncompliant meal periods raise a rebuttable presumption of meal period violations at summary judgment." (Opp. at 4.) *Donohue*, however, is entirely irrelevant to Solis's allegations and to American's motion for judgment on the pleadings.

*Donohue* involved an employer's timekeeping system that rounded employee meal periods to the nearest 10-minute increment, such that short meal periods were, at times, rounded up to a full 30-minutes. *Donohue*, 11 Cal. 5th at 62. As a result of the rounding system, employees were not provided with one-hour meal period premiums for all noncompliant meal periods. *Id*. The *Donohue* court held that, if an employee's unrounded time-punch records show a meal period of less than 30 minutes, it raises a rebuttable presumption at the summary judgment stage that the

employee is entitled to a premium for that meal period. *Id*. at 74.

Critically, however, whether American provided meal period premiums for noncompliant meal periods is not at issue in Solis's Fifth Cause of Action. The only issue raised in this claim is whether American is required under California law to record "the start-time and end time of meal periods." (FAC ¶ 73.) Notably, Solis does not allege that American failed to maintain records of employee meal periods generally. To the contrary, Solis specifically asserts that American "***kept track of those instances during which its employees either missed a meal period or were not provided an adequate meal period so that it could reverse the automatic meal-period deduction taken by its payroll system***." (FAC ¶ 15.) That is all that is required by California law. *See* Cal. IWC Wage Order 9-2001 § 7(A)(3) (stating that "Meal periods . . . shall also be recorded.") Solis's assertion that American must also record the specific start and end times of meal periods is unsupported by case law or statute and should be rejected.

Moreover, contrary to what Solis argues in her opposition, and despite the California Supreme Court's extensive discussion of meal period recording requirements in *Donohue*, the Court ***did not*** hold anywhere in its opinion that employers are required to record the start and end time of meal periods. Instead, as stated in *Donohue*, California law only "requires employers to give employees a mechanism for recording their meal periods and to ensure that employees use the mechanism properly." *Donohue*, 11 Cal. 5th at 76.

Finally, Solis asserts that, because American does not record the start and end time of meal periods, there is "no way for any employee to 'determine from the wage statement alone' what the total hours worked might be." (Opp. at 8 (citing Cal. Lab. Code § 226(e)(2)(B)). This argument is a red herring. California Labor Code section 226 does not require that employers list any information related to meal periods, other than a premium wage paid for a noncompliant meal period. Cal. Lab. Code § 226. Accordingly, even if an employer did record the start and

end times of meal periods, that would not be evident "from the wage statement alone." (Opp. at 8.)

In sum, there is no requirement in case law or statute that American maintain records of the specific start and end times of employee meal periods. Accordingly, American requests that this Court grant judgement on the pleadings for American as to Solis's Fifth Cause of Action and any associated claims for injunctive relief "requiring Defendant to keep track of the beginning and end times for all meal breaks." (FAC ¶¶ 59, 64, 75.)

### C. Solis Is Not Entitled To Overtime Under Section 510 Of The California Labor Code Or Wage Order 9 After December 1, 2015.

Solis does not dispute that her employment became governed by a CBA entered into pursuant to the RLA on December 1, 2015, nor does she dispute that the exemption in section (1)(E) of Wage Order 9 applies to her beginning on the same date. (*See* generally Opp.) Solis does, however, attempt to argue that the exemption in section (1)(E) of Wage Order 9 does not apply to her overtime claim under Labor Code section 510. Solis is wrong.

#### 1. Solis's Interpretation Of Labor Code Section 515(b) Fails.

Labor Code section 515(b) states: "Except as otherwise provided in this division, the commission may review, retain, or eliminate an *exemption from provisions regulating hours of work* that was contained in a valid wage order in effect in 1997." Cal. Lab. Code § 515(b) (emphasis added). In the face of this unambiguous language, Solis attempts to argue that a wage order exemption is only covered by section 515(b) if the exemption itself is contained in a wage order section entitled "Hours and Days of Work." (Opp. at 11.) Nothing in the language of Section 515(b) or case law supports Solis's novel proposition.

In *Collins*, the court addressed whether the motor carrier exemption in section (3)(L) of Wage Order 9 was covered by California Labor Code section 515(b), such that the exemption would preclude a claim for overtime under Labor

Code section 510. *Collins v. Overnite Transp. Co.*, 105 Cal. App. 4th 171, 180 (2003), as modified (Feb. 3, 2003). As the court explained:

> We read the second sentence in section 515 subdivision (b)(2) as expressing a legislative intent to leave undisturbed the ***exemptions from "provisions regulating hours of work*** . . . contained in any valid wage order in effect in 1997." The motor carrier exemption was one of the exemptions found in a valid 1997 wage order. Accordingly, the IWC had power to retain it and it has in fact done so.

*Id*. at 180 (emphasis added). As set forth in American's motion, that is precisely the case with the exemption set forth in Section (1)(E) of Wage Order 9. (Mot. at 10.) Like the exemption at issue in *Collins*, the exemption in section (1)(E) "was one of the exemptions found in a valid 1997 wage order." *Collins*, 105 Cal. App. 4th at 180. "Accordingly, the IWC had power to retain it and it has in fact done so." *Id.*

Solis asks this Court ignore the plain language of Section 515(b), and to rewrite it as only permitting the IWC to retain "exemptions *contained in* provisions regulating hours of work." (Opp. at 11.) In other words, only exemptions contained in section 3 of Wage Order 9 could be retained by the IWC, because other exemptions are not contained in the section entitled "Hours and Days of Work." (Opp. at 11.) But that is not what Section 515(b) says. The statute on its face permits the commission to retain exemptions "*from* provisions regulating hours of work"—not exemptions "contained in" provisions regulating hours of work. Cal. Labor Code § 515(b) (emphasis added). Because section (1)(E) exempts employees covered by a CBA entered into pursuant to the RLA from the provisions of Wage Order 9 regulating hours of work, it is expressly covered by Labor Code 515(b).

**2.  Solis's Mischaracterization Of Ward Must Be Disregarded.**

In addition to asking this Court to rewrite Section 515(b), Solis also asks this Court to accept her flagrant mischaracterization of *Ward*. Indeed, Solis goes so far as to plainly misstate the holding in *Ward*, asserting that "the Supreme Court found

that the exemption in Wage Order 9(1)(E) applied only to the Wage Order and not to the overtime requirements of the Labor Code." (Opp. at 13.) The Supreme Court held no such thing.

In *Ward*, the plaintiffs were pilots and flight attendants who "alleged that United's wage statements fail to provide them all the information required by Labor Code section 226, in the format required by that provision." *Ward*, 9 Cal. 5th at 741. The Ninth Circuit asked the California Supreme Court to determine whether an "airline is required to provide plaintiffs with wage statements that meet the various requirements of California law." *Id*. at 740. United argued that, based on the court's reasoning in *Collins*, the RLA exemption in Wage Order 9 (1)(E) should also exempt United from the wage statement requirement in Labor Code section 226. *Id*. The *Ward* Court carefully analyzed the reasoning in *Collins*, and determined that its holding related to Labor Code section 510 was not applicable to Labor Code section 226 because "the history of the overtime regulation in California is essentially the reverse of the history of wage statement regulation." *Id*. at 747–48. As the *Ward* court explained:

> The IWC has long had overtime rules in place pursuant to its delegated authority to regulate hours, pay, and working conditions . . . while the Legislature is a relatively recent entrant to the field. That entry came in response to the 1998 IWC wage orders that weakened overtime protections; in 1999, to reverse these changes, the Legislature codified certain minimum protections ([Cal.] Lab. Code § 510, as amended . . .), on which the plaintiff truck drivers in *Collins* relied. But the Legislature also expressly ratified most existing exemptions to overtime protections already contained in any wage orders, including the motor carrier exemption, in newly enacted Labor Code section 515 . . . . Because the new Labor Code overtime provisions expressly ratified existing IWC exemptions, and because to conclude otherwise would work an implied repeal of a long-standing wage order provisions, the *Collins* court rejected the drivers' argument that they were entitled to statutory overtime notwithstanding the motor carrier exemption.

*Id*. at 748. The *Ward* court went on to explain that Labor Code section 226—"in contrast to" the overtime provision set forth in Labor Code section 510—"both predated the wage statement requirements of the wage orders and has long

exceeded them in its substantive and remedial scope." *Id.* In conclusion, the *Ward* court ruled that, "[u]nlike the statutory overtime provision at issue in the *Collins* decision"—section 510, the same provision at issue here—"section 226 contains no indication that the Legislature intended to embrace all of the IWC exemptions wholesale; on the contrary, section 226's incorporation of certain IWC exemptions (but not others) suggests a different approach." *Id.*

Solis relies on a statement in *Ward* that "by its terms, the wage order exemption applies only to the requirements of 'this order' (Wage Order No. 9, § 1(E))." (Opp. at 10.) While this is so, it is only the beginning of the Court's inquiry. *Ward*, 9 Cal. 5th 744. Ultimately, the *Ward* court held that United was not exempted from Labor Code section 226 by the exemption in Wage Order 9 (1)(E) because of the "history of wage statement regulation." *Id.* at 748. And critically, the *Ward* court approved the reasoning and the holding in *Collins*. Indeed, the California Supreme Court walked through the *Collins* court's analysis of Labor Code section 510, and found that "the statutory and regulatory context was meaningfully different" than that of Labor Code section 226, and therefore, the court's reasoning in *Collins* that Section (1)(E) of the wage order also exempted RLA employers from the overtime obligations of section 510 did not carry over.

Here, however, the analysis in *Collins* is directly on point—as the Ninth Circuit recently affirmed in *Angeles v. US Airways, Inc.*, 790 Fed. Appx. 878, 880 (9th Cir. 2020). In *Angeles*, "the district court concluded that the Railway Labor Act exemption excuses US Airways from complying with Section 510's overtime requirements." *Id.* at 879 As the Ninth Circuit unequivocally stated: "We agree." *Id.* The Ninth Circuit explained:

> In 1999 the California Labor Code added overtime requirements but expressly authorized the IWC to "review, retain, or eliminate an exemption . . . contained in a valid wage order in effect in 1997." Cal. Lab. Code § 515(b). The RLA exemption is such an exemption because it was adopted in 1976 and has been retained in all subsequent versions of Wage Order 9, including the version in effect in 1997. Therefore, the IWC

> did not act in direct contravention of the Labor Code by retaining the RLA exemption—rather, it was a preexisting exemption that the Legislature acknowledged and incorporated into the statutory scheme through Section 515(b). *See Collins*, 105 Cal. App. 4th at 172 (holding that Labor Code Section 515(b) "express[es] a legislative intent to leave undisturbed the exemptions from 'provisions regulating hours of work . . . contained in any valid wage order in effect in 1997.'" (alteration in original)). **Accordingly, the RLA exemption excuses US Airways from both Wage Order 9's overtime requirements and Section 510's overtime requirements**.

*Id*. at 880 (emphasis added). Contrary to Solis's assertion that *Ward* "in effect, overruled" *Angeles*, the *Ward* court's analysis is spot on consistent with the holding in *Angeles*. Solis's assertion to the contrary is misleading and plainly wrong. The *Ward* court's analysis and approval of *Collins* only highlights why the ruling in *Ward* as it relates to Labor Code section 226 is entirely inapplicable to Labor Code section 510.[1]

Accordingly, and even assuming all facts alleged by Solis are true, Solis's claim for overtime compensation under California Labor Code section 510 and Wage Order 9 after December 1, 2015 is legally deficient and judgement should be granted in favor of American on this issue.

### D. Solis Concedes That She Is Exempt From The Overtime Provisions Of The FLSA.

In her opposition, Solis does not even attempt to argue that she is covered by the FLSA's overtime provisions, nor can she: "the FLSA overtime provisions do not apply to Plaintiff because [s]he work[s] for an air carrier." *Kouchi v. American Airlines, Inc.*, No. CV 18-7802 PSG (AGRx), 2019 WL 3059409, at *2 (C.D. Cal. Apr. 9, 2019) (citing 29 U.S.C. § 213(b)(3) (providing that the FLSA overtime provisions "shall not apply with respect to . . . any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act")). Solis's only

---

[1] Solis argues for a number of pages that her Labor Code section 510 claim is not "preempted" by the RLA and may not be "waived" by agreement. (Opp. at 18-23.) But American did not argue either point; American's argument centers on Wage Order 9(1)(E) and Labor Code section 515(b), not RLA preemption or waiver.

argument with respect to her FLSA claim is that, in addition to alleging that she is entitled to overtime compensation under the FLSA, she also alleges that she is entitled to minimum wages under the FLSA. (Opp. at 24.) As discussed above, however, Solis may not avoid dismissal of her FLSA claim for overtime—which fails as a matter of law—by incorporating in the same cause of action a FLSA minimum wage claim. *In re Outlaw Lab'y*, 2020 WL 3840559, at *4. Because America is "a carrier by air subject to the provisions of Title II of the Railway Labor Act," American is entitled to judgment as to Plaintiff's claim for overtime compensation under the FLSA. (*See* RJN, Ex. A, at 2.)

### III. CONCLUSION

For the reasons discussed above and in American's motion, the Court should grant judgment as a matter of law against Solis on her Fifth Claim for Failure to Maintain Accurate Payroll Time Records; Sixth Claim for Failure to Pay Overtime and Minimum Wages under California Labor Code §§ 510, 1194, and 1197 and Wage Order 9 to the extent Plaintiff seeks to recover damages after December 1, 2015; and Ninth Cause of Action for overtime compensation pursuant to the FLSA.

Dated: July 16, 2021

O'MELVENY & MYERS LLP
MICHAEL G. MCGUINNESS
KELLY S. WOOD
ALLAN W. GUSTIN

By: /s/ Michael G. McGuinness
 Michael G. McGuinness

Attorneys for Defendant
AMERICAN AIRLINES, INC.